IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STOOPS, | No. 2:15-CV-2581-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JOSEPH M. BEASLEY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

1

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, plaintiff's filings demonstrate that he has an ability to articulate himself and his claims.  Second, while the court has determined that plaintiff's complaint appears to state cognizable claims, the court cannot say at this early stage of the proceedings – before any defendant has even been served – that plaintiff is likely to succeed on the merits.  Finally, plaintiff's claims are not complex.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 10) is denied.

DATED:  June 30, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE