IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STOOPS, | No. 2:15-CV-2581-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JOSEPH M. BEASLEY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff seeks the appointment of counsel (Doc. 18). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.   First, plaintiff's filings demonstrate that he has an ability to articulate himself and his claims.  Second, plaintiff's claims are not complex.  Finally, at this early stage of the proceedings the court cannot say whether plaintiff has any particular likelihood of success on the merits of his claims.  Rather than presenting exceptional circumstances, the reasons cited in plaintiff's motion justifying the appointment of counsel – his incarceration, lack of legal training, and lack of funds – describe the circumstances common to nearly all inmates.

Also before the court is defendants' motion (Doc. 19) for a stay of the court's January 24, 2017, scheduling order.  Defendants anticipate filing a motion for summary judgment arguing plaintiff's failure to exhaust administrative remedies and seek a stay of discovery and related deadlines pending resolution of such motion.  Defendants state that their motion regarding exhaustion will be filed by June 2, 2017.  Good cause appearing therefor, defendants' request is conditionally granted.  If defendants' exhaustion motion is filed by June 2, 2017, the January 24, 2017, scheduling order will be stayed without further order of the court.  Otherwise, the January 24, 2017, scheduling order will remain in effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Doc. 18) is denied; and

2. Defendants' motion (Doc. 19) for a stay of the court's January 24, 2017, scheduling order is conditionally granted as outlined above.


DATED:  May 24, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE